# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ETHEL M. BOWMAN, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:10CV1330 RWS |
| CHARLES E. RENDLEN, III, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of Ethel Bowman and Dwayne Anderson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

This is a Bivens action. Plaintiff Dwayne Anderson, who is not an attorney, purports to bring this action on behalf of Ethel Bowman as her conservator. Anderson complains that he attempted to file motions on Bowman's behalf in the United States Bankruptcy Court for the Eastern District of Missouri, but that Judge Rendlen struck the papers because they were not filed by an attorney. Anderson now seeks to hold Judge Rendlen, Dana McWay (Clerk, United States Bankruptcy Court), Susan Paszkiewicz-Toler (Case Administrator), and the United States of America liable for the dismissal by Judge Rendlen.

**Discussion**

The complaint is wholly frivolous. Title 28 U.S.C. § 1654 states: "In all courts of the United States the parties may plead and conduct their own cases personally or

by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This means that Anderson, as a non-attorney, is prohibited from filing papers on behalf of Bowman in federal court, regardless of any status he may have as Bowman's conservator. This includes the instant complaint as well. As a result, the complaint does not contain an arguable basis in law or fact, and the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of August, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE